WeldoN, J.,
delivered the opinion of the court:
This case was submitted on the 22d day of May, A. D. 1900, upon written briefs, in which the theory of the plaintiff’s claim was, that it had the right to recover as upon a qucmtuno meruit, and upon that theory it was held that the claimant had no rig’ht to recover, upon the ground that the defendants had not been profited by the acts of the claimant, and therefore not bound to reimburse the claimant for any expense which it might have incurred in the attempted performance of the agreement.
In the argument of a motion for a new trial the claimant has based its right upon the further ground that the contract is binding on the defendants, although not in writing and signed by the respective parties, as required by certain sections of the Devised Statutes, and in support of that theory of the law directs the court’s attention to section 3709, which reads as follows:
“All purchases and contracts for supplies or services in any of the Departments of the Government, except for personal services, shall be made bjr advertising a sufficient time previously for proposals respecting the same, when the public exigencies do not require the immediate delivery of the articles or performance of the service. When immediate delivery or performance is required by the public exigency, the articles or service required may be procured by open purchase or contract at the places and in the manner in which such articles are usually bought and sold, or such services engaged, between individuals.”
The authority to contract in reference to the subject-matter of the controversy arises under the provisions of the act of December 18, 1897 (30 Stat. L., 226), bjr which the Secretary of War is authorized to relieve the suffering condition of the people of Alaska, and for that purpose an appropriation of $200,000 is made, to be expended by the Secretary in such manner as would best relievo the suffering incident to the then condition of that people.
From the very nature of the subject the act was passed for immediate execution, and to apply the ordinary safeguard of the statute as to the making and execution of a contract would probably result in defeating the object and purpose of the law. This view of the situation was not apprehended at the time *109 the case was decided, and hence the court applied the strict requirement of the statute to the rights of the claimant.
Upon reargument and the question of the emergency of the situation being presented, it is the judgment of the court that the former judgment is hereby set aside, new findings filed, and, the case now being submitted on its merits, a judgment is hereby ordered in favor of the claimant for the sum of $3,785.